**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ANGIE LYNN BOONE,

Plaintiff,

v. Case No. 8:26-cv-2351-TPB-NHA

TWENTY-NINTH JUDICIAL
CIRCUIT COURT OF
MISSOURI, et al.,

Defendants.
__________________________________/

# ORDER DISMISSING CASE

This matter is before the Court *sua sponte*. After reviewing the complaint (Doc. 1), Plaintiff's response to the Court's Order to Show Cause (Doc. 16), the court file, and the record, the Court finds as follows:

This case arises from child-custody proceedings litigated in the Twenty-Ninth Judicial Circuit Court of Missouri. Plaintiff Angie Lynn Boone, proceeding *pro se*, asserts various federal constitutional and statutory claims against the Missouri state court, a guardian ad litem appointed in the Missouri proceedings, and two attorneys who represented Plaintiff during those proceedings. Although Plaintiff now resides in Tampa and alleges that certain events and resulting injuries occurred in Florida, the conduct forming the basis of her claims principally concerns actions taken in connection with the Missouri custody proceedings.

On August 24, 2026, having serious concerns about venue, the Court entered an Order to Show Cause directing Plaintiff to identify the statutory basis establishing venue in this District and explain why a substantial part of the events or omissions giving rise to her claims occurred here. (Doc. 14). Plaintiff has now responded, arguing that venue is proper under 28 U.S.C. § 1391(b)(2) because Defendants allegedly directed conduct toward her in this District and because she experienced the effects of that conduct while residing in Tampa. (Doc. 16).

Under 28 U.S.C. § 1391(b)(2), a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Plaintiff has not demonstrated that this requirement is satisfied. Although Plaintiff alleges that Defendants knew she resided in Florida, communicated with her while she was in Florida, and took actions whose effects she experienced in this District, it is clear that the events and omissions giving rise to her claims occurred predominantly in Missouri. The claims principally concern the conduct of Missouri attorneys, a Missouri guardian ad litem, and a Missouri state court in connection with proceedings litigated in Missouri. Plaintiff's residence in this District and the effects she allegedly experienced here do not establish that a substantial part of the events or omissions giving rise to her claims occurred in this District. Venue is therefore improper here. *See* 28 U.S.C. § 1391(b).

When a case is filed in an improper venue, the Court may dismiss the action or, if it is in the interest of justice, transfer the action to a district in which it could have been brought. 28 U.S.C. § 1406(a). Plaintiff alternatively requests transfer to

the United States District Court for the Western District of Missouri. The Court declines to transfer this action and concludes that dismissal without prejudice is appropriate.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1. This action is **DISMISSED WITHOUT PREJUDICE**.
2. The Clerk is directed to terminate any pending motions and deadlines and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 22nd day of September, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE